IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 18, 2003 Session

## SAMUEL DAVID LAND  v.  STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Williamson County**
**No. 901-262      Timothy L. Easter, Judge**

_____

**No. M2003-00468-CCA-R3-PC - Filed March 16, 2004**

_____

Petitioner, Samuel David Land, appeals from the trial court's dismissal of his petition for post-conviction relief.  Petitioner was convicted by a jury for felony evading arrest and driving on a revoked license, second offense, a misdemeanor.  For his felony conviction, Petitioner was sentenced as a career offender to twelve years in confinement.  Petitioner was sentenced to 11 months and 29 days for the misdemeanor conviction.  The sentences were ordered to be served concurrently with each other, but consecutive to a six-year sentence that Petitioner was already serving as a result of a probation violation in a prior case.  This Court affirmed Petitioner's convictions on direct appeal. *State v. Land*, 34 S.W.3d 516 (Tenn. Crim. App. 2000).  Following an evidentiary hearing, the trial court denied post-conviction relief.  Having reviewed the record on appeal, the applicable law, and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

J. Timothy Street, Franklin, Tennessee, for the appellant, Samuel David Land.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Ronald L. Davis, District Attorney General; Mary Katharine White, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

A summary of the proceedings prior to these post-conviction proceedings, as gleaned from the record on appeal in this case, is necessary.  On January 26, 1993, Petitioner pled guilty to multiple counts of aggravated burglary and theft.  On March 26, 1993, Petitioner received consecutive sentences for those convictions of six and four years to be served in Community Corrections.  No direct appeal was taken.

On June 18, 1993, a probation violation warrant was issued. On September 13, 1993, Petitioner's Community Corrections sentence was revoked and he was ordered to serve his original six-year sentence in the Department of Correction, Special Alternative Incarceration Unit Program, or "boot camp," and his original four-year sentence was suspended and ordered to be served on supervised probation following the six-year sentence. Petitioner did not appeal the revocation of his Community Corrections sentence.

On September 23, 1998, following Petitioner's arrest for the charges that are the subject of this appeal, a probation violation warrant was issued. On March 10, 1999, Petitioner was convicted by a jury of felony evading arrest and driving on a revoked license, second offense, the charges in this case. On April 23, 1999, Petitioner was sentenced as a career offender to twelve years for the felony conviction and eleven months and twenty-nine days for the misdemeanor conviction, to be served concurrently. Those sentences were ordered to be served consecutively with the sentences for Petitioner's January 26, 1993, convictions. On the same day Petitioner was sentenced for the convictions in this case, he pled "true" to the probation violation. A transcript from the combined sentencing hearing and probation revocation hearing is not part of the record before us. Petitioner appealed his March 10, 1999, convictions, and this Court affirmed. *State v. Land*, 34 S.W.3d 516 (Tenn. Crim. App. 2000). The supreme court denied application for permission to appeal on December 11, 2000.

On September 7, 2001, Petitioner filed a *pro se* petition for post-conviction relief, entitled "Nunc Pro Tunc Motion for Sentence Modification and Alternatively Petition For Post-Conviction Relief," requesting a sentence modification because, Petitioner argued, the total effective sentence resulting from the judgments of April 23, 1999, was eighteen years, but the Department of Correction had determined his sentence to be twenty-two years. Petitioner also argued that his counsel was ineffective for failing to inform him of his right to appeal his classification as a career offender, pursuant to Tenn. Code Ann. § 40-35-108(5)(d).

In an order dated October 12, 2001, the trial court made the following findings:

> "To the extent that this Petition is an attack on the convictions received on January 26, 1993, pursuant to the Post-Conviction Procedure Act found at Tennessee Code Annotated § 40-30-201, the Petition is untimely."

> * * * *

> "To the extent the Petition is a request for reduction of sentence, . . . the Court is without authority to grant such a request."

> * * * *

-2-

"To the extent that this Petition is an attack on the convictions received on March 10, 1999, . . . the Petition presents a colorable claim for post-conviction relief (effective assistance of counsel).

By the order dated October 12, 2001, the trial court appointed counsel and ordered Petitioner to file an amended petition for post-conviction relief. On November 8, 2001, Petitioner filed a *pro se* amended petition for post-conviction relief, alleging, among other grounds, that: (1) trial counsel, Eric Davis, refused his request to file a motion for recusal of the trial judge; and (2) trial counsel "did not find out that [Petitioner] was technically off of probation at the time of [his] arrest [for the charges in this case]."

On November 28, 2001, Petitioner filed a *pro se* "Motion for Recusal," requesting that Judge Timothy Easter recuse himself from Petitioner's case. After being appointed counsel, Petitioner subsequently filed another "Motion to Recuse" and an amended petition for post-conviction relief. In an order dated July 12, 2002, the trial court denied the motion, finding that "this Court's involvement as an Assistant District Attorney involved matters for which the Petitioner was convicted in January 1993." The trial court found that the convictions that were the basis for Petitioner's claims in the post-conviction petition occurred over six years after the matter in which Judge Easter was involved as an Assistant District Attorney.

Petitioner's second amended petition for post-conviction relief alleges that his counsel, who represented Petitioner at the trial and sentencing, at the probation revocation hearing, and on appeal, was ineffective for: (1) failing to file a motion to recuse the trial judge; and (2) advising Petitioner to plead true to the probation violation.

**Post-Conviction Hearing**

An evidentiary hearing was conducted on November 8, 2002. At the hearing, Roberta Anderson, of the Department of Correction, testified that Petitioner was serving a twenty-two year sentence. On March 26, 1993, Petitioner received a total effective sentence of ten years to be served on Community Corrections. On June 18, 1993, a probation violation warrant was issued. On September 13, 1993, Petitioner's Community Corrections sentence was revoked. The trial court ordered Petitioner to serve his original six-year sentence in confinement and his original four-year sentence to be served on probation. Petitioner received 186 days of pretrial jail credit; 48 days of pretrial behavior credit; and 84 days of credit for time served on Community Corrections. On February 10, 1994, Petitioner was released on probation.

Camille Chester, a probation officer, issued the warrant for violation of probation on September 23, 1998. Ms. Chester testified that Petitioner's TOMAS report originally indicated a sentence effective date of October 31, 1992.

At the post-conviction hearing, testimony was elicited from Ms. Anderson and Ms. Chester concerning Petitioner's sentences for prior convictions in cases unrelated to the case that was the

subject of the post-conviction petition. Following an examination of Ms. Anderson by the trial court, the court stated:

> I'm considering [this issue] only for the purpose of whether or not it supports [Petitioner's] claim that Mr. Davis was somehow ineffective for not having gone through – I guess and done what we're trying to do here today and untie this knot.

Eric Davis testified that he represented Petitioner at the trial on the charges of felony evading arrest and driving on a revoked license, second offense, the charges in this case, and in the direct appeal from those convictions. Mr. Davis testified that he formerly worked as an Assistant District Attorney. He testified that Petitioner had "compromised" approximately twenty cases as a confidential informant for the Drug Task Force. Mr. Davis testified that Judge Timothy Easter, who presided over Petitioner's trial, sentencing, and post-conviction proceedings in this case, also formerly worked as an Assistant District Attorney. Judge Easter prosecuted a case in which Petitioner and his brother were co-defendants. Prior to the trial in this case, Petitioner expressed to Mr. Davis that he did not want Judge Easter to preside over his case because another judge would be more lenient. Mr. Davis did not file a motion to recuse Judge Easter because he believed that such a motion, based on the fact that another judge had a reputation for leniency, would be frivolous.

Mr. Davis filed a motion to suppress a statement made by Petitioner to Detective Richard Brown. Mr. Davis also filed a motion for mistrial after the trial court made a comment to the jury that defense counsel had filed late notices, indicating that Defendant was unprepared. At trial, the trial court admitted into evidence a statement made by Petitioner's mother to Trooper Cash, over defense counsel's objection, as an excited utterance. On appeal, the Court of Criminal Appeals concluded that the statement, although an excited utterance, was admitted in error because Ms. Land did not have personal knowledge of the matter of which she spoke. The Court concluded, however, that the statement's admission was harmless error. Mr. Davis testified at the hearing that "it could appear" that Petitioner was denied a fair trial.

Mr. Davis also represented Petitioner at the probation revocation hearing. Mr. Davis advised Petitioner to plead true because he had already been convicted of the offenses that were the basis of the probation violation. The probation violation warrant alleged a six-year sentence, but, Mr. Davis testified, Petitioner was actually serving a ten-year sentence. The order revoking Petitioner's Community Corrections sentence ordered that Petitioner serve the original six-year sentence in confinement and recommended "boot camp," followed by the original four-year sentence to be supervised on probation. Mr. Davis testified that the probation violation warrant was issued within Petitioner's probationary period.

In its written order filed after the conclusion of the post-conviction hearing, the trial court addressed four grounds for post-conviction relief:

> The petitioner claims that [counsel] was ineffective by (1) allowing him to plead true to a probation violation warrant which resulted in consecutive sentencing to

-4-

the case under attack, (2) allowing the petitioner to plead true to the probation violation warrant when the petitioner had a meritorious defense to the warrant, (3) failing to file a motion to recuse the trial judge in violation of the petitioner's right of the Sixth Amendment of the United States Constitution and Article I, Section 9, of the Tennessee Constitution, and (4) was it obligatory on the Trial Court to *sua sponte* raise the issue of recusal, and if so, what evidence is there to support the allegation that the Trial Judge's impartiality can reasonably be questioned.

The trial court stated, "[t]he four issues raised by the petitioner at the evidentiary hearing are issues which this Court finds to be allegations supporting his claim of the ineffectiveness of Davis as the petitioner's trial and appellant [sic] attorney." In other words, the trial court did not address the particular issue of whether Petitioner's sentence actually expired prior to the initiation of the revocation proceedings. The court referred to its order dated October 12, 2001, which dismissed Petitioner's attack on the prior convictions as untimely. The trial court further found that, pursuant to Tennessee Code Annotated section 40-30-204(c), a petition for post-conviction relief shall be limited to the assertion of claims for relief from the judgment(s) entered in a single trial or proceeding. The trial court noted, however, that while Petitioner's challenge to the probation revocation warrant from a prior case was not a proper ground for relief under the Post-Conviction Procedure Act, it "may constitute grounds for the granting of a writ of habeas corpus."

The trial court found that the allegation that counsel was ineffective for advising Petitioner to plead true to the probation violation was not an appropriate ground for relief under the Post-Conviction Procedure Act. The court stated in its order:

> [E]ven if this Court believed that these claims were properly before the Court, this Court finds that allegations of ineffective assistance of counsel at a probation violation hearing are not appropriate grounds for relief under the Post-Conviction Act in this case. The Court finds that Davis' performance as counsel for the Petitioner at his probation revocation hearing was a performance that in no way violated any constitutionally guaranteed rights afforded Petitioner. The Petitioner has failed to show by clear and convincing evidence that Davis' performance in representing the Petitioner at the revocation hearing on April 23, 1999, was not within the range of competence demanded of attorneys in criminal cases.

Additionally, the trial court found that trial counsel was not ineffective for failing to file a motion to recuse. The trial court found that Mr. Davis, "an experienced trial attorney of nearly thirteen years at the time of this trial, six of which as an assistant district attorney, did file motions for discovery, to suppress, for mistrial, for new trial and properly perfected an appeal to the Court of Criminal Appeals on behalf of the Petitioner." The trial court also found that the evidence presented at the post-conviction hearing established that Judge Easter, while working as an Assistant District Attorney, prosecuted a case against Petitioner's brother, Chris Land, and that the prosecution occurred six years prior to the trial in this case.

The trial court found that the fact that it made rulings adverse to Petitioner did not require recusal. The court noted that its prior rulings involving the motion to suppress, the admission of hearsay evidence, and the motion for mistrial had been reviewed by the Court of Criminal Appeals. The court concluded that the record did not establish any prejudice or bias as a result of the court's presiding over Petitioner's trial.

**Issues Presented for Review**

In this appeal from the trial court's denial of post-conviction relief, Petitioner challenges: (1) the validity of the probation violation warrant issued on September 23, 1998; (2) the effectiveness of trial counsel in advising Petitioner to plead true to the probation violation warrant; (3) the effectiveness of trial counsel in failing to file a motion to recuse the trial judge; and (4) the trial court's failure to *sua sponte* raise the issue of recusal.

**Probation Violation Warrant**

The first issue presented for our review is whether Petitioner's sentence should be reduced because, Petitioner alleges, the September 23, 1998, probation violation warrant was issued after the expiration of the underlying sentences. The convictions that are the basis of the revocation proceeding that Petitioner challenges are from prior unrelated cases, and as the State correctly observes, are not the subject of review in this case. The record does not indicate that Petitioner appealed his convictions or sentences in those cases. Petitioner also did not pursue a direct appeal from the revocation hearing. "A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." Tenn. Code Ann. § 40-30-106(g) (2003). Moreover, this Court recently held in *Young v. State*, 101 S.W.3d 430, 431 (Tenn. Crim. App. 2002), that the Post-Conviction Procedure Act does not provide a cause of action for a collateral attack on a probation revocation proceeding. Petitioner is not entitled to relief on this issue.

**Ineffective Assistance of Counsel**

Petitioner argues that trial counsel was ineffective for allowing Petitioner to plead true to the September 23, 1998, probation violation warrant.

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). On appeal, this Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. *State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this Court. *Burns*, 6 S.W.3d at 461. The burden of establishing that the evidence preponderates otherwise is on petitioner. *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997). The

trial court's conclusions of law, however, are reviewed under a purely *de novo* standard with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

We review a claim of ineffective assistance of counsel under the standards of *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975), and *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996); *Butler v. State*, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. *Goad*, 938 S.W.2d at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

The State argues that this Court's holding in *Young v. State* does not allow Petitioner to collaterally attack the validity of a revocation proceeding. We agree. As previously stated, in *Young v. State*, this Court held that a petitioner in a post-conviction proceeding may not attack collaterally any alleged constitutional deprivation that occurred at a probation revocation hearing. 101 S.W.3d at 433.

Furthermore, Petitioner's claim would be time-barred. A petitioner has one year from the date the judgment became final in which to timely file a petition for post-conviction relief. Tenn. Code Ann. § 40-30-102(a) (2003). Petitioner pled true to the probation revocation warrant on April 23, 1999, the same day he was sentenced in this case. No appeal was taken. Petitioner filed the first petition for post-conviction relief on September 7, 2001, after the statute of limitations had expired. Petitioner is not entitled to relief on this issue.

**Recusal**

Petitioner argues that trial counsel was ineffective for failing to seek recusal of the trial judge. Petitioner also argues that the trial court should have *sua sponte* recused itself from these proceedings. Petitioner has waived the latter issue by not asserting this issue on direct appeal. If a petitioner for post-conviction relief fails to present a ground for relief to a court of competent jurisdiction, the petitioner has waived that ground for relief. *See* Tenn. Code Ann. § 40-30-106(g) (2003). Moreover, if a petitioner's counsel decides not to pursue an issue regarding judicial bias on direct appeal, the petitioner is bound by that decision. *State v. Benson*, 973 S.W.2d 202, 207 (Tenn. 1998).

The waiver of the substantive issue of whether the trial court should have *sua sponte* recused itself, however, does not preclude addressing the issue of whether counsel was ineffective for not requesting recusal at trial and on appeal. This Court will defer to counsel's tactical and strategic

choices where those choices are informed ones predicated upon adequate preparation. *Goad*, 938 S.W.2d at 369; *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982).

Judge Easter presided over Petitioner's trial and sentencing hearing and the post-conviction proceedings in this case. Petitioner asserts that Judge Easter prosecuted a prior case in which Petitioner and his brother were co-defendants. The fact that a trial judge was a prosecuting attorney in a trial which led to a prior conviction does not entitle a defendant to recusal where the record does not indicate bias. *State v. Conway*, 77 S.W.3d 213, 225 (Tenn. Crim. App. 2001). The Commentary to the relevant section of the Code of Judicial Conduct states,

> A lawyer in a government agency does not ordinarily have an association with other lawyers employed by that agency within the meaning of Section 3E(1)(b); a judge formerly employed by a government agency, however, should disqualify himself or herself in a proceeding if the judge's impartiality might reasonably be questioned because of such association.

Tenn. R. Sup. Ct. 10, Canon 3(E)(1)(b) (Commentary).

At the post-conviction hearing, trial counsel testified that Petitioner had expressed a preference for Judge Donald Harris to preside over his trial and sentencing because Judge Harris had a reputation for being more lenient that Judge Easter. Trial counsel testified that he did not file a motion to recuse on that basis, believing it to be frivolous. Trial counsel properly exercised his discretion based upon his professional judgment and adequate preparation. Counsel's performance was not deficient.

Furthermore, Petitioner has not demonstrated prejudice. At the post-conviction hearing, Petitioner's counsel testified that Judge Easter, a former Assistant District Attorney, had prosecuted a case in which Petitioner and his brother were co-defendants. A judgment of conviction, which is included in the record on appeal, indicates that Petitioner's brother, Chris Land, pled guilty to a charge of theft on January 26, 1993. The prosecuting attorney in that case was Timothy Easter. In its order denying post-conviction relief, the trial court found that there was "no evidence in the record that the Trial Judge (this Court) was ever involved in the prosecution of cases against the Petitioner as an assistant district attorney." In its order denying relief, the trial court further stated, "The Petitioner has failed to point out any information that the Trial Court learned through the 1993 prosecution of the Petitioner's brother or the 1993 prosecution of the Petitioner that affected the outcome of the Petitioner's jury trial in 1999."

Petitioner alleges three incidents during his trial in which the trial judge showed bias. Petitioner argues that the trial court showed bias by denying a motion to suppress a statement made by Petitioner to Detective Ricky Brown. On appeal, this Court found that the trial court accredited Detective Brown's testimony at the suppression hearing that the statement was unsolicited and concluded that the trial court properly denied the motion. *Land*, 34 S.W.3d at 524-25. Additionally, Petitioner alleges bias in the following statement made by the trial court to the jury:

-8-

> Ladies and Gentlemen, the case I anticipate trying today is *State of Tennessee v. David Land*. The defendant has filed some late-filed notices this morning, which is going to cause us to take a short recess and a delay. I do not anticipate our delay will be over 10 minutes.

Following that statement by the trial court to the jury, Petitioner moved for a mistrial, which the trial court denied. On direct appeal, this Court found that "the comments [of the trial court] could be construed as a criticism of defense counsel," but the trial court did not err by not granting a mistrial. *Land*, 34 S.W.3d at 527. Petitioner also alleges bias in the trial court's admission into evidence of statement made by Petitioner's mother. This issue was also addressed by this Court in the direct appeal. This Court held that the statement, although an excited utterance, was admitted in error because Ms. Land did not have personal knowledge of the facts about which she spoke, but the error was harmless. *Id*. at 530.

Adverse rulings by a trial court are not usually sufficient grounds to establish bias. *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). "Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Id*. There is no indication in the record of any personal bias against Petitioner by the trial court.

Petitioner has not established that counsel was ineffective or that Petitioner was prejudiced. Petitioner is not entitled to relief on this issue.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-9-