# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs April 27, 2016

## STATE OF TENNESSEE v. WILLIAM JERMAINE STRIPLING

### Appeal from the Criminal Court for Knox County
### No. 102315      G. Scott Green, Judge

---

### No. E2015-01554-CCA-R3-CD – Filed June 16, 2016

---

JAMES CURWOOD WITT, JR., J., concurring.

I concur in the majority opinion, but respectfully, I write separately to address the remand that the majority believes is mandated by the order filed and published by the supreme court in *State v. Marquize Berry*, No. W2014-00785-SC-R11-CD (Tenn. Nov. 16, 2015) (order).

The November 16, 2015 *per curiam* order in the above case changes long-standing procedures utilized by the supreme court and the court of criminal appeals in cases involving the merger of jury verdicts of guilty, procedures that were engendered by concerns about double jeopardy principles. I have no doubt that our supreme court has the authority to decide the methodology for merging convictions, but respectfully, I urge the supreme court, for the reasons stated below, to find an opportunity, perhaps in the present case, to express the import of this order in an appropriate published opinion.

The order changes the view, long-honored in Tennessee by even our supreme court, that *verdicts* must be merged prior to galvanizing the duplicative verdicts into separate judgments of conviction. Via published opinions, the supreme court has previously honored this view:

> Preliminarily, this court must point out that two judgments of conviction are not permissible under these circumstances. In *State v. Conway*, 77 S.W.3d 213 (Tenn. Crim. App. 2001), the Court of Criminal Appeals held that double jeopardy precludes two separate judgments of conviction for DUI and DUI per se if they are based upon a single episode. *Id.* at 218. While both counts can be acted upon by a jury without the requirement of an election, *id.* (citing *State v. Willis*, No. 02C01-9810-CC-00336, 1999 WL 487032, at *2-3 (Tenn. Crim. App. July 12, 1999)), if the jury returns verdicts of guilty for both counts, the trial court should merge the two

convictions into one judgment of conviction for DUI, *id.* (citing *State v. Cribbs*, 967 S.W.2d 773, 787-88 (Tenn. 1998) (holding that, although a defendant cannot have separate judgments of conviction for both premeditated murder and felony murder for a single act of murder, both counts should be submitted to the jury and later merged into one judgment of conviction)). Accordingly, the two judgments of conviction should be modified to merge the convictions into a single conviction of DUI.

*State v. Cooper*, 336 S.W.3d 522, 523-24 (Tenn. 2011). In *State v. Kiser*, 284 S.W.3d 227 (Tenn. 2009), the court "affirm[ed] the Defendant's convictions and sentence and remand[ed] this matter to the trial court for entry of a single judgment of conviction for first degree murder." *Id.* at 234; *see also State v. Howard*, 30 S.W.3d 271, 277 n.4 (Tenn. 2000) ("If the jury does return a verdict of guilt[y] on more than one theory of first-degree murder, the court may merge the offenses and impose a single judgment of conviction."). In light of what has heretofore been binding precedent, the use of a *per curiam* order to change the methodology seems inapt. I respectfully note that Supreme Court Rule 4 addressing the publication and precedential value of opinions does not mention the precedential value of even a published "order," as opposed to an opinion.

The November 16 order does not address the issue whether the entry of multiple judgments of conviction with multiple sentences in a merger situation impinges upon the defendant's protection against double jeopardy. Of course, the merger problem was not litigated, briefed, or argued in *Marquize Berry*. Previously, however, both the supreme court and the court of criminal appeals expressed the view that the use of a single judgment of conviction avoided a double jeopardy issue. *See Howard*, 30 S.W.3d at 275; *see also State v. Billy Joe Carter*, No. E2005-01282-CCA-R3-CD, slip op. at 15 (Tenn. Crim. App., Knoxville, May 24, 2007), *perm. app. denied* (Tenn. Aug. 13, 2007) ("Thus, judgments of conviction were erroneously entered for both first degree murder findings of guilt. Due to constitutional double jeopardy principles, the judgments must be vacated and replaced by one judgment that imposes *a single conviction* of first degree murder."). Relatedly, the United States Supreme Court has held that when separate convictions violate double jeopardy principles, the imposition of concurrent sentences does not alleviate the violation:

> "'The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate conviction, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. . . . Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.'"

*Rutledge v. United States*, 517 U.S. 292, 302 (1996) (quoting *Ball v. United States*, 470, U.S. 856, 864-65 (1985)). In *Ball*, the court said:

> We emphasize that while the Government may seek a multiple-count indictment against a felon for violations of §§ 922(h) and 1202(a) involving the same weapon where a single act establishes the receipt

and possession, the accused may not suffer two convictions or sentences on that indictment. If, upon the trial, the district judge is satisfied that there is sufficient proof to go to the jury on both counts, he should instruct the jury as to the elements of each offense. Should the jury return guilty verdicts for each count, however, the district judge should enter judgment on only one of the statutory offenses.

*Ball*, 470 U.S. at 865. Although the November 16 order justifies the imposition of multiple sentences based upon the insertion of a notation of merger, it is conceivable that effective advocacy might convince a state or federal court of competent jurisdiction that the artifice of merely noting merger is a bit of legerdemain that violates a constitutional constraint suggested in *Rutledge* and *Ball*. In the November 16 order, the high court said that "the sentence has no immediate effect," *Marquize Berry*, order at 5, but I note that such is precisely the effect of a concurrent sentence.

Incidentally, I note that the court of criminal appeals has long been aware of the rule mandate to memorialize verdicts via the promulgated judgment form; however, the court did not view the former practice as a violation of this mandate. Rather, the entry of one, surviving judgment that reflected or memorialized both guilty verdicts merely withheld or delayed entry of judgment on the non-surviving conviction until such time, if any, that the surviving conviction might be reversed. In this latter event, the defendant would be sentenced on the alternative verdict, and judgment would then be entered; the view has been that such further procedure would be a small price to pay to protect the defendant and the judicial system from institutionalizing wholesale violations of the protection against double jeopardy.

Unquestionably, our supreme court is responsible for overseeing and empowered to regulate the processes utilized in our court system, but for the reasons expressed above, I very respectfully urge the supreme court to express its views via a published opinion in an appropriate case, preferably one in which the double jeopardy issue can be addressed as *ratio decidendi*. Currently, in my view, the issue of precedent is somewhat clouded by the use of an order and by the impossibility of the order to overrule *Cooper* and *Kiser* and other cases that bespeak constitutional concerns.

_____
JAMES CURWOOD WITT, JR., JUDGE