IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 1, 2020

## GEORGE CAMPBELL, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 93-00428, 93-00429    Jennifer Johnson Mitchell, Judge**

———————————————————

## No. W2019-01526-CCA-R3-PC

———————————————————

The petitioner was convicted of felony murder and aggravated assault for which he received an effective sentence of life in prison. Since his conviction in 1994, the petitioner has filed numerous post-judgment motions seeking relief. The petitioner now appeals from the denial of his most recent motion seeking relief pursuant to Tennessee Rules of Civil Procedure, Rule 60.02. Upon our review of the record and the applicable law, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

George Campbell, Jr., Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual and Procedural Background*

In 1994, the petitioner was convicted by a Shelby County jury of felony murder and aggravated assault for events that occurred in 1991. *State v. George Campbell, Jr.*, No. 02-C01-9408-CR-00165, 1996 WL 638224 (Tenn. Crim. App. June 28, 1996), *perm. app. denied* (Tenn. Jan. 6, 1997). The petitioner was involved with two other defendants, Vander Moore and Lontina McGary, in a series of robberies in Memphis and the

surrounding area. *Id*. at *1. The petitioner was described as the mastermind behind the robberies, one of which resulted in the death of Mr. Kevin McConico. *Id.* at *2. At trial, Mr. McGary testified as to the petitioner's involvement in the crimes. *Id.* at *5-6. There was also testimony that a truck registered to the petitioner and with an African-American driver was sitting at an intersection near the robbery with the motor running. Two African-Americans were seen running from the scene of the murder to the truck. As a result of the convictions, the petitioner was sentenced to an effective sentence of life in prison. *Id.* at *1. His convictions and sentence were affirmed on direct appeal. *Id.*

The petitioner later sought post-conviction relief on the basis of ineffective assistance of counsel. The post-conviction court denied relief, and this Court affirmed the decision of the post-conviction court. *See George Campbell, Jr. v. State,* No. W2002-00703-CCA-R3-PC, 2001 WL 1042112, at *1 (Tenn. Crim. App. Sept. 10, 2001), *perm. app. denied* (Tenn. Dec. 27, 2001). Then, the petitioner sought relief via the writ of habeas corpus on the basis that his convictions were void for various reasons. The trial court denied relief, and this Court affirmed the denial of habeas corpus relief on appeal. *See George Campbell, Jr. v. Bruce Westbrooks,* No. W2002-02086-CCA-R3-CO, 2003 WL 22309471, at * 1 (Tenn. Crim. App. Oct. 6, 2003), *no perm. app. filed*. The petitioner also sought redress in the form of a petitioner for a writ of error coram nobis in which he claimed that newly discovered evidence may have resulted in a different judgment at trial had the evidence been admitted at the trial. *See George Campbell, Jr. v. State,* No. W2007-00820-CCA-R3-CO, 2008 WL 2219305, at * 1 (Tenn. Crim. App. May 28, 2008), *no perm. app. filed*. This Court affirmed the dismissal of the petition for writ of error coram nobis on the basis that it was untimely and "nothing in the record implicate[d] any due process concerns that would require that the statute of limitations be tolled." *Id.* at *2. The petitioner filed a second petition for writ of error coram nobis. After a hearing concerning the timeliness of the petition, the trial court entered an order finding the petitioner's claims were barred by the one-year statute of limitations pertaining to coram nobis petitions and that due process did not require the rolling of the statute of limitations. On appeal, this Court affirmed the judgment of the coram nobis court. *George Campbell, Jr. v. State*, No. W2012-00566-CCA-R3-CO, 2013 WL 3291902, at *1 (Tenn. Crim. App. June 25, 2013), *perm. app. denied* (Tenn. July 14, 2014).

On August 18, 2016, the petitioner filed a third petition for error coram nobis as well as a motion seeking relief pursuant to Rule 60.02, Tennessee Rules of Civil Procedure. On August 26, 2016, the petitioner filed a petition seeking DNA testing pursuant to the Post-Conviction DNA Analysis Act. A hearing on all three of the petitioner's motions was

held on June 20, 2019.[1]  On July 25, 2019, the trial court entered an order denying the petitioner's numerous motions.  This timely appeal followed.

## *Analysis*

Initially, we note the petitioner has abandoned his coram nobis claim concerning an eyewitness and his request for DNA analysis and is proceeding only with his contention that the trial court erred in dismissing his motion pursuant to Tennessee Rules of Civil Procedure, Rule 60.02.  While the petitioner's claim is not entirely clear, our review of the petitioner's motion in the trial court and his brief on appeal suggests that the petitioner's claim is based on his belief that the original trial judge in his matter had a conflict of interest and should have recused himself from the petitioner's case.  The petitioner appears to argue that the trial judge, a former assistant district attorney, was friends with one of the prosecutors involved in the petitioner's matter, and thus, had a conflict of interest.  The State submits that Rule 60.02 is not applicable in criminal cases, and the trial court, therefore, did not err in denying the petitioner's motion.

Rule 60.02 of the Tennessee Rules of Civil Procedure provides, in pertinent part, that

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

In its summary dismissal, the post-conviction court correctly observed that the rules of civil procedure govern civil cases, not criminal proceedings.  *See, e.g., Tamaine Works v. State*, No. W2017-02276-CCA-R3-ECN, 2018 WL 6012729, at *11 (Tenn. Crim. App. Nov. 11, 2018), *perm. app. denied* (Tenn. Feb. 25, 2019) (citations omitted) (noting that judgments

---

[1] On appeal, the petitioner has abandoned his coram nobis claims and his request for DNA analysis. Since the testimony during the hearing centered on those two claims, we will not recite the testimony from the hearing.

of conviction are not governed by the rules of civil procedure). We agree with the trial court.

Here, other than the petitioner's claim of a conflict, the record is void of any proof of the same. Even assuming, as the petitioner alleges, that the original trial judge formerly worked in the Shelby County District Attorney's office and was friends with a prosecutor in the petitioner's case, such would not create a conflict requiring recusal on the part of the trial court. Our supreme court has held that "[a] judge who is a former prosecutor is not expected to recuse himself from every trial involving a defendant the judge once prosecuted," and, therefore, a friendship between former colleagues does not create such a conflict requiring recusal. *State v. Warner,* 649 S.W.2d 580, 582 (Tenn. 1983); s*ee also State v. Conway,* 77 S.W.3d 213, 225 (Tenn. Crim. App. 2001) (concluding that recusal not required when nothing more was shown than that the trial judge had previously prosecuted a defendant on an unrelated case). We simply cannot conclude that "'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Smith v. State,* 357 S.W.3d 322, 341 (Tenn. 2011) (quoting *Bean v. Bailey,* 280 S.W.3d 798, 805 (Tenn. 2009)). Thus, the defendant is not entitled to relief.

### *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE

- 4 -