IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 2, 2011 Session

## STATE OF TENNESSEE v. ALECIA DIANE COOPER

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Bedford County**
No. 16624      Franklin L. Russell, Judge

**For Publication**

---

**No. M2009-00848-SC-R11-CD - Filed March 4, 2011**

---

### ORDER

After being arrested late on the evening of January 26, 2008 for erratic driving, failing field sobriety tasks, and registering a blood alcohol content of .22 percent, the Defendant, Alecia Diane Cooper, was charged with alternative counts of: (1) driving under the influence of an intoxicant (DUI) and (2) driving with a blood alcohol concentration of .08 percent or more (DUI per se). Tenn. Code Ann. § 55-10-401(a)(1) & (2) (2004). She pled guilty to both counts. At the conclusion of a sentencing hearing, the trial court entered judgments on each count, sentencing the Defendant to concurrent terms of eleven months and twenty-nine days to be served at one-hundred percent release eligibility, but subject to furlough release after ninety days upon completion of an in-patient alcohol treatment program.[1]

---

[1] The judgment stated that the Defendant

> [m]ay apply for a furlough so that the Defendant can be released after ninety days into a residential program; furlough will remain in effect for entire period of in-patient treatment, although Defendant will not receive any jail credit for treatment period; if Defendant successfully completes in-patient treatment, will be placed on supervised probation immediately upon completion of in-patient treatment and will remain on supervised probation until the expiration of her sentence provided she successfully participates in an aftercare program, does not drink, and otherwise meets all of the other conditions of her probation, fine of $350 plus costs imposed and driving privileges revoked for a period of 1 year; during incarceration the Defendant will not be eligible for work release due to danger to the public that she might drive and no furlough will be allowed that is not granted by

(continued...)

In her appeal, the Defendant complained that the trial court failed to properly apply the principles relevant to misdemeanor sentencing, that her sentence was excessive, and that the conditional sentence, which had the potential effect of reducing the sentence to less than one-hundred percent of service, contravened the misdemeanor sentencing statute. The Court of Criminal Appeals affirmed, holding that the trial court had properly considered both mitigating and enhancement factors and appropriately concluded that the circumstances of the offense, the Defendant's lack of candor, and her prior criminal record, which included an arrest for driving under the influence in Illinois two weeks prior to this offense, warranted the maximum sentence. This Court granted the Defendant's application for permission to appeal to address whether the condition permitting an application for furlough after ninety days of a sentence to be served at one-hundred percent complied with the Criminal Sentencing Reform Act of 1989.

Preliminarily, this court must point out that two judgments of conviction are not permissible under these circumstances. In State v. Conway, 77 S.W.3d 213 (Tenn. Crim. App. 2001), the Court of Criminal Appeals held that double jeopardy precludes two separate judgments of conviction for DUI and DUI per se if they are based upon a single episode.[2] Id. at 218. While both counts can be acted upon by a jury without the requirement of an election, id. (citing State v. Willis, No. 02C01-9810-CC-00336, 1999 WL 487032, at *2-3 (Tenn. Crim. App. July 12, 1999)), if the jury returns verdicts of guilty for both counts, the trial court should merge the two convictions into one judgment of conviction for DUI. Id. (citing State v. Cribbs, 967 S.W.2d 773, 787-88 (Tenn. 1998) (holding that, although a defendant cannot have separate judgments of conviction for both premeditated murder and felony murder for a single act of murder, both counts should be submitted to the jury and later merged into one judgment of conviction)). Accordingly, the two judgments of conviction should be modified to merge the convictions into a single conviction of DUI.

As to the sentencing issue, well-established rules apply. Misdemeanor sentences must be specific and compliant with the 1989 Act. Tenn. Code Ann. § 40-35-302(b) (2006 & Supp. 2007). The trial court is, of course, required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. Tenn. Code Ann. § 40-35-302(a). The facts relevant to sentencing need be established only "by a preponderance of the evidence and not beyond a reasonable doubt." State v. Winfield, 23

_____

[1](...continued)
        Judge Russell by written court order.

[2] DUI and DUI per se contain different elements. See Tenn. Code Ann. § 55-10-401(a)(1) & (2). "An acquittal of either would not necessarily mean that the state could not establish the elements of the other." Conway, 77 S.W.3d at 218.

S.W.3d 279, 283 (Tenn. 2000). Seventy-five percent of the sentence is the maximum that can be served prior to eligibility for consideration for any rehabilitative program. Tenn. Code Ann. § 40-35-302(d). A DUI offender, however, may be required to serve up to one-hundred percent of her sentence. Palmer v. State, 902 S.W.2d 391, 393-94 (Tenn. 1995); see also Tenn. Code Ann. § 55-10-403(m) (2004 & Supp. 2007) ("Nothing in . . . the Sentencing Reform Act of 1989, shall be construed as altering, amending, or decreasing the penalties established in this section for the offense of driving under the influence of an intoxicant."). In determining the percentage of the sentence to be served by the defendant, trial courts must consider enhancement and mitigating factors, as well as the legislative purposes and principles related to sentencing. Tenn. Code Ann. § 40-35-302(d).

The trial court has the authority to place a defendant on probation either immediately after sentencing or after service of a term of periodic or continuous confinement. Tenn. Code Ann. § 40-35-302(e). The statutory scheme is designed to provide the trial court with continuing jurisdiction in the misdemeanor case and a wide latitude of flexibility. The misdemeanant is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).[3] If the trial court's findings of fact are adequately supported by the record, an appellate court may not modify the sentence even if it would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).[4] The burden is upon the appealing party to demonstrate that a sentence is improper. Tenn. Code Ann. § 40-35-401, sentencing comm'n cmts.

In Palmer, this Court specifically held that

---

[3] But see Tenn. Code Ann. § 55-10-403(a)(1)(A) (setting forth a minimum sentence of seven days for first-time DUI offenders who have a blood alcohol content at the time of the offense of .20 percent or greater).

[4] Moreover, in State v. Ashby, 823 S.W.2d 166, 171 (Tenn. 1991), this Court encouraged the grant of considerable discretionary authority to our trial courts in matters such as these. "[E]ach case must be bottomed upon its own facts." State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986)). "It is not the policy or purpose of this Court to place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers." Ashby, 823 S.W.2d at 171 (quoting Moten v. State, 559 S.W.2d 770, 773 (Tenn. 1977)). Appellate review of misdemeanor sentencing is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (2006); see also State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998) (holding that trial courts did not have to follow the requirement of section 40-35-210(f) to state on the record what enhancement or mitigating factors were employed in setting sentence length and did not have to follow the requirement of section 40-35-209(c) to make specific findings of fact on the record when determining what portion of a sentence for DUI will be served in confinement; rather, they "need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute").

a misdemeanor offender must be sentenced to an authorized determinant sentence. Further, a percentage of that sentence, which the offender must serve before becoming eligible for consideration for rehabilitative programs, must be designated. While DUI offenders must also be sentenced in accordance with the [1989] Act, the legislature has specifically excluded DUI offenders from the provisions of the Act when the application of the Act would serve to either alter, amend, or decrease the specific penalties provided for DUI offenders. A trial judge may designate a service percentage in a DUI case under Tennessee Code Annotated [s]ection 40-35-302(d) but that percentage may not operate to reduce the mandatory minimum sentencing provisions of the DUI statute. Consequently, a DUI offender can be sentenced to serve the entire eleven month and twenty-nine day sentence imposed as the maximum punishment for DUI so long as the imposition of that sentence is in accordance with the principles and purposes of the Criminal Sentencing Reform Act of 1989.

902 S.W.2d at 394.

Tennessee Code Annotated section 40-35-302(d) directs that the trial court shall first establish the percentage of the sentence to be served, and provides that only "[a]fter service of such a percentage of the sentence, the defendant shall be eligible for consideration for work release, furlough, trusty status and related rehabilitative programs." (Emphasis added.) As structured, the sentence in this case purports to grant the Defendant an opportunity for a furlough to attend in-patient treatment after the service of only ninety days in jail and, upon the successful completion of the program and compliance with other conditions, supervised probation thereafter. Because, under the express terms of the statute, the Defendant is not eligible for rehabilitative programs until after the service of the designated release eligibility percentage – in this case, one-hundred percent – the sentence does not comply with the statute's restrictions.[5]

In summary, we conclude that the two judgments of conviction violate the principles of double jeopardy, and the sentence, as currently structured, violates the express provisions of the misdemeanor sentencing statute. Accordingly, the judgment of the Court of Criminal

---

[5] The trial court might have accomplished the purposes of this particular sentence by imposing upon the Defendant a sentence of eleven months, twenty-nine days, with one-hundred percent release eligibility, suspended after service of ninety days with the remainder to be served on probation, with a condition of probation that she attend and successfully complete an in-patient alcohol rehabilitation program. This Court declines, however, to mandate the structure of the Defendant's sentence, as this is a matter more appropriately left to the discretion of the trial court.

Appeals is affirmed, but the case is remanded to the trial court for merger of the two convictions into a single offense for DUI and for imposition of a sentence compliant with our statutory guidelines. Costs are adjudged one-half to the State and one-half to the Defendant, for which execution may issue if necessary.

PER CURIAM