# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned On Briefs May 21, 2013

## STATE OF TENNESSEE v. DUSTIN A. HUBMAN

**Appeal from the Circuit Court for Sullivan County**
**No. S59,665  R. Jerry Beck, Judge**

_____

**No. E2012-01569-CCA-R3-CD - Filed July 8, 2013**

_____

The Defendant, Dustin A. Hubman,[1] pleaded guilty to possession of marijuana, a Class A misdemeanor, possession of drug paraphernalia, a Class A misdemeanor, and public intoxication, a Class C misdemeanor. Pursuant to the plea agreement, the Defendant received concurrent sentences of eleven months, twenty-nine days for the Class A misdemeanors and thirty days for the Class C misdemeanor. The trial court ordered that the Defendant serve his sentences in confinement. In this appeal, the Defendant contends that the trial court erred in denying him an alternative sentence. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Jason R. McLellan, Kingsport, Tennessee, for the appellant, Dustin A. Hubman.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Joseph E. Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

___

[1]The Defendant's surname is spelled "Hubman" and "Hubmann" in the record. We use the name as it is spelled in the indictment and judgments.

# OPINION

The transcript of the guilty plea hearing has not been included in the appellate record. The record reflects, though, that the Defendant was charged with possession of marijuana, possession of drug paraphernalia, public intoxication, and two counts of cocaine possession. According to statements in the presentence report, Kingsport Police Officer Aaron Grimes saw a car strike a guardrail. The Defendant, the passenger, was unsteady on his feet, slurred his speech, and smelled of alcohol. A bag containing what appeared to be marijuana was in the Defendant's front pants pocket. A glass container with eight rocks of what appeared to be cocaine was inside the car. Neither the Defendant nor the car's driver acknowledged owning the suspected cocaine. The Defendant pleaded guilty to the marijuana possession, drug paraphernalia possession, and public intoxication charges. The cocaine charges were dismissed.

At the sentencing hearing, the twenty-four-year-old Defendant testified that he lived with his grandmother. He said he had been employed since his release from jail about eleven months earlier. He worked thirty-five to forty hours a week for $8.00 per hour. He said he had not been absent from work other than for probation appointments and a recent hospitalization.

The Defendant testified that he violated his previous probation for failure to appear by being charged with the offenses in this case. He agreed that he spent four months in the Hay House due to the violation and that he completed drug and alcohol classes and obtained his GED. He said he completed the "Thinking for a Change" class. He said that since his release, he had completed a substantial portion of his community service requirement. He said that although he had not been diligent about paying his probation costs and fines or reporting to his probation officer in the past, he had established a payment schedule with the court and had made regular payments for about six months. He said he had learned his lesson and had not failed any drug tests, the most recent of which was a few days before the hearing. He said that his girlfriend was expecting his child and that they planned to marry.

The Defendant testified regarding his prior criminal record that he made bad decisions. He said that when he was eighteen years old, he sold "something to somebody" who paid him with a counterfeit $100 bill. He said that the police found him with the counterfeit bill and that he served a sentence for it but that he did not manufacture the counterfeit bill. He acknowledged that he had a misdemeanor drug charge less than a year later and that he pleaded guilty. He said that he dropped out of school his junior year and that his parents were divorcing at the time. Regarding his failure to appear about sixteen months earlier, he stated that he was not being a man about the situation and did not go to court

because he knew he would go to jail. He said he was presently serving a two-year probation sentence for the failure to appear.

The Defendant testified that for about one and one-half years, he had realized he was tired of being in trouble and living the lifestyle. He said he was trying to better himself and be a positive presence for his unborn child. Relative to the present offenses, he said that he had been prepared to testify against the driver of the car regarding the cocaine but that the driver pleaded guilty. He said he had not used alcohol or drugs since the date of the present offenses.

On cross-examination, the Defendant testified that he used marijuana on the date of the present offenses but not on the date he failed to appear. Relative to the failure to appear, he said he knew a probation violation warrant was issued for his arrest and did not appear in court that day.

The trial court stated that it would not consider an expunged charge but noted that the Defendant had three prior felony and numerous misdemeanor convictions. The court noted that the jail was overcrowded and that the Defendant did not commit a violent crime but said

the Defendant's prior record required that he serve his sentence in jail. The court said that it would not consider a split-confinement sentence but that the Defendant could apply to the appropriate body for work release.

On appeal, the Defendant contends that the trial court erred in denying an alternative sentence. The State contends that the trial court correctly sentenced the Defendant. We conclude that the Defendant is not entitled to relief.

We note that the law provides no presumptive minimum for misdemeanor sentencing. *State v. Creasy*, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). In misdemeanor sentencing, the trial court is not required to place specific findings on the record. *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998). However, the trial court must consider the purposes and principles of the Criminal Sentencing Reform Act of 1989. T.C.A. § 40-35-302(d) (2010); *see Troutman*, 979 S.W.2d at 274 ("[W]hile the better practice is to make findings on the record when fixing a percentage of a defendant's sentence to be served in incarceration, a trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute.").

Tennessee Code Annotated section 40-35-401(d) (2010) states that appellate review of sentencing is *de novo* on the record with a presumption that the trial court's determinations are correct. Our Tennessee Supreme Court has interpreted the statute to mean in the context of felony sentencing that the length of a sentence "within the appropriate statutory range [is] to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). Our supreme court has also applied the abuse of discretion standard with a presumption of reasonableness to "questions related to probation or any other alternative sentences." *State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012). This approach is consistent with the statute, which provides that all sentencing questions under Code section 40-35-401(a) are subject to the same standard for review. Although our supreme court has not addressed whether the abuse of discretion standard with a presumption of correctness applies to misdemeanor sentencing, the court has previously cited Code section 40-35-401(d) regarding the standard of review of misdemeanor sentencing. *See State v. Cooper*, 336 S.W.3d 522, 525 n.4 (Tenn. 2011). As a result, we conclude that the abuse of discretion standard with a presumption of reasonableness applies to misdemeanor sentencing.

As we have stated, the transcript of the guilty plea hearing is not in the record. In this situation, we must determine whether the record provides sufficient information to allow meaningful appellate review. *Caudle*, 388 S.W.3d at 279. We conclude that in the present

-6-

case, the documents in the technical record, the presentence report, and the Defendant's testimony provide sufficient information for appellate review.

The Defendant argues that the record fails to reflect that the trial court properly weighed the principles of sentencing and the other relevant facts and circumstances. We disagree. The record reflects that the court considered the evidence, the non-violent nature of the Defendant's crime, the jail overcrowding, and the Defendant's criminal history and accompanying supervision history. Although only twenty-four years old, the Defendant had prior convictions for driving under the influence, evading arrest, two counts of felony failure to appear occurring on different dates, theft, and underage possession of alcohol. He was on probation for failure to appear when he committed the present offenses and two previous probation revocations. Although the Defendant testified about his efforts to live as a productive member of society, we cannot conclude that the court abused its discretion in ordering him to serve his sentence. The Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____

JOSEPH M. TIPTON, PRESIDING JUDGE