IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 9, 2021 Session

## STATE OF TENNESSEE v. RILEY CHRISTOPHER WILBURN

**Appeal from the Circuit Court for Giles County**
**No. 14592    Stella L. Hargrove, Judge**

_____

### No. M2020-00130-CCA-R3-CD

_____

The Defendant, Riley Christopher Wilburn, was convicted of driving under the influence, a Class A misdemeanor, by a Giles County Circuit Court jury. *See* T.C.A. § 55-10-401 (2020). The trial court sentenced him to eleven months, twenty-nine days, with thirty days to be served in jail and the balance to be served on probation. On appeal, the Defendant contends that the trial court erred in denying his motion to dismiss on the basis that the indictment was fatally flawed because it alleged two offenses in a single count. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined. JOHN EVERETT WILLIAMS, P.J., filed a concurring opinion.

John S. Colley, Columbia, Tennessee, for the Appellant, Riley Christopher Wilburn.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Assistant Attorney General; Brent A. Cooper, District Attorney General; Rebecca S. Parsons and Jessie Chandler, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

In this case, we are called upon to consider whether DUI committed while under the influence of an intoxicant (DUI by intoxication) and DUI committed with a blood alcohol concentration of 0.08% or more (DUI per se) are separate offenses which must be charged in separate counts of an indictment or whether they may be alleged alternatively in a single count and, if they are not separate offenses that must be charged separately, whether juror unanimity is required as to the specific means by which a defendant commits the offense when they are charged disjunctively in a single-count indictment.

The indictment in the present case charged:

The Grand Jurors of Giles County, Tennessee, duly impaneled, and sworn upon their oath, present: That [the Defendant] on or about the 22nd day of May, 2018, in Giles County, Tennessee and before the finding of this indictment, did unlawfully and knowingly, drive or be in physical control of a motor vehicle upon a public highway, to-wit:  on a highway in Giles County, Tennessee, while under the influence of an intoxicant or under the influence of narcotic drugs, or while under the influence of drugs producing stimulating effects on the central nervous system, or while the alcohol concentration in the said [Defendant's] blood or breath was eight-hundreds [sic] of one percent (0.08%) or more, in violation of Tennessee Code Annotated Section 55-10-401(a)(1), all of which is against the peace and dignity of the State of Tennessee.

The Defendant made a pretrial motion to dismiss the indictment on the basis that it was fatally defective because it charged two separate offenses, joined disjunctively, in a single count.  The trial court denied the motion.  Before the trial court instructed the jury at the trial, the Defendant renewed his objection to the indictment.  He argued, as well, that juror unanimity could not be ensured based upon the proposed jury instructions and verdict form.  As relevant here, the jury instructions given by the court provided:

Any person who commits the offense of driving under the influence of an intoxicant, marijuana, a controlled substance, a controlled substance analogue, a drug, a substance affecting the central nervous system, or any combination thereof is guilty of a crime.

For you to find the defendant guilty of this offense, the state must have proven beyond a reasonable doubt the existence of the following essential elements:

(1) that the defendant was driving or was in physical control of an automobile or motor driven vehicle; and

(2) that this act occurred on any public road, highway, street or alley; and

(3) that the defendant was under the influence of an intoxicant or under the influence of a narcotic drug, or while under the influence of drugs producing a stimulating effect on the central nervous system; or

(4) that the alcohol concentration in the defendant's blood or breath
was eight-hundredths of one percent (.08%) or more.

The jury instructions also included the provisions of Tennessee Pattern Instructions – Criminal 38.05, regarding the permissive inference of intoxication and impaired driving which may be drawn from evidence of a blood alcohol content of 0.08% or more. The verdict form required the jury to find either that the Defendant was "guilty of driving under the influence of a drug or intoxicant" or that he was "not guilty." The form did not require separate findings as to DUI by intoxication and DUI per se. The court denied the renewed motion to dismiss and overruled the Defendant's objection to the instructions and verdict form. The jury found the Defendant "guilty of driving under the influence of a drug or intoxicant."

In the motion for a new trial, the Defendant alleged, among other issues, that the indictment was defective and that the verdict violated his right to a unanimous verdict. The trial court denied the motion for a new trial. This appeal followed.

The Defendant contends that the trial court erred by not dismissing the indictment, which he argues was fatally defective because it alleged two crimes in a single count. The State counters that the indictment is not defective in that it merely alleges two alternative means of committing the single offense of driving under the influence.

At oral argument, we directed supplemental briefing on the issue of whether the verdict form, which did not specify the jury's findings relative to DUI by intoxication and DUI per se, satisfied the Defendant's right to juror unanimity. In that regard, the Defendant argues that the general verdict of guilty failed to ensure juror unanimity, and the State argues that the Defendant was not entitled to a unanimous verdict as to the mode of the offense by which the jury found the Defendant guilty of DUI, provided that each juror found beyond a reasonable doubt that the Defendant committed the offense by one of the alternative modes alleged.

An individual accused of a crime has the right to be informed of the nature and cause of an accusation against him. U.S. Const. amends. VI, XIV; Tenn. Const. art. 1, § 9. Pursuant to Tennessee Code Annotated section 40-13-202 (2018), an indictment

must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment[.]

Our supreme court has said that an indictment is sufficient if it provides adequate information to enable the defendant to know the accusation against which he must defend, furnishes the trial court with an adequate basis for entry of a proper judgment, and protects the defendant from double jeopardy. *See State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997); *see also Wyatt v. State*, 24 S.W.3d 319, 324 (Tenn. 2000). The supreme court has said that "indictments which achieve the overriding purpose of notice to the accused will be considered sufficient to satisfy both constitutional and statutory requirements." *State v. Hammonds*, 30 S.W.3d 294, 300 (Tenn. 2000). In this regard, "specific reference to a statute within the indictment may be sufficient to place the accused on notice of the charged offense." *State v. Sledge*, 15 S.W.3d 93, 95 (Tenn. 2000).

"[A]ll crimes arising from the same incident that are not lesser included offenses of another crime charged in the indictment must be charged in separate counts." *State v. Gilliam*, 901 S.W.2d 385, 389 (Tenn. Crim. App. 1995); *see State v. Angela E. Isabell*, No. M2002-00584-CCA-R3-CD (Tenn. Crim. App. June 27, 2003). The prohibition against duplicitous indictments is to ensure a defendant is provided adequate notice of the allegations, to prevent a violation of double jeopardy principles, and to ensure a unanimous jury verdict. *State v. Michael Burnette*, No. E2005-00002-CCA-R3-CD, 2006 WL 721306, at *3 (Tenn. Crim. App. Mar. 26, 2006), *perm. app. denied* (Tenn. Sept. 5, 2006).

However, "[w]hen the offense may be committed by different forms, by different means or with different intents, the forms, means or intents may be alleged in the same count in the alternative." T.C.A. § 40-13-206(a) (2018). Further,

> Where the intent with which, the mode in, or the means by which, an act is done are essential to the commission of the offense, and the offense may be committed with different intents, in different modes, or by different means, if the jury is satisfied that the act was committed with one (1) of the intents, in one (1) of the modes, or by either of the means charged, the jury shall convict, although uncertain as to which of the intents charged existed, or which mode, or by which of the means charged, the act was committed.

*Id.* § 40-18-112 (2018).

When evidence is presented of multiple offenses that would fit the allegations of the charge, the State must elect the particular offense for which a conviction is sought, and the trial court must instruct the jury as to the need for jury unanimity regarding the finding of the particular offense elected. *See, e.g.*, *State v. Walton*, 958 S.W.2d 724, 727 (Tenn. 1997); *State v. Brown*, 762 S.W.2d 135, 137 (Tenn. 1988). "The purpose of election is to ensure that each juror is considering the same occurrence. If the prosecution cannot identify an event for which to ask a conviction, then the court cannot be assured of a unanimous decision." *State v. Shelton*, 851 S.W.2d 134, 138 (Tenn. 1993). However, if

the evidence does not show the commission of multiple offenses, no election is required. *State v. Adams*, 24 S.W.3d 289, 294 (Tenn. 2000). "The right of jury unanimity has never required more than a general verdict in cases where only one offense is at issue based upon a single criminal occurrence." *State v. Lemacks*, 996 S.W.2d 166, 171 (Tenn. 1999).

Mindful of these principles, we turn to whether DUI by intoxication and DUI per se are separate offenses or merely describe different modes of committing the offense of DUI. The relevant statute provides:

> It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park, or apartment house complex, or any other premises that is generally frequented by the public at large, while:
>
> (1) Under the influence of any intoxicant, marijuana, controlled substance, controlled substance analogue, drug, substance affecting the central nervous system, or combination thereof that impairs the driver's ability to safely operate a motor vehicle by depriving the driver of the clearness of mind and control of oneself that the driver would otherwise possess;
>
> (2) The alcohol concentration in the person's blood or breath is eight-hundredths of one percent (0.08%) or more; or
>
> (3) With a blood alcohol concentration of four-hundredths of one percent (0.04%) or more and the vehicle is a commercial motor vehicle as defined in § 55-50-102.

T.C.A. § 55-10-401.

Previously, Tennessee's DUI statute contained language substantively similar to the current subsection pertaining to DUI by intoxication, but it did not contain a separately designated prohibition which corresponded with the current DUI per se subsection. *See* T.C.A. § 55-10-401 (1993) (subsequently amended). Until 1995, Code section 55-10-408(b) stated that evidence of a blood-alcohol content of 0.10% created a presumption that the defendant was under the influence of an intoxicant and that the defendant's ability to drive was impaired. *See id.* § 55-10-408 (1993) (subsequently amended); *State v. Mark Spencer King*, No. 01C01-9608-CR-00343, 1997 WL 576490, at *1 (Tenn. Crim. App. Sept. 18, 1997). In 1995, the General Assembly amended section 55-10-408 to state that evidence of a defendant's blood alcohol content of 0.10% or more "shall be conclusive proof that the defendant was under the influence of an intoxicant, that the defendant's

ability to drive was impaired thereby and shall constitute a violation of § 55-10-401." *See* T.C.A. § 55-10-408 (Supp. 1995) (subsequently amended). Predictably, concerns arose regarding the constitutionality of the conclusive presumption of intoxication mandated by section 55-10-408. *See* Tenn. Op. Att'y Gen. 95-117 (Nov. 28, 1995). In response, the General Assembly in 1996 proposed and later enacted amendments which removed the conclusive presumption from section 55-10-408(a) and amended section 55-10-401(a) to "effectively [create] a statute which [made] it illegal to *either* drive while under the influence of an intoxicant *or* while one's blood alcohol content is .10% or greater." Tenn. Op. Att'y Gen. 96-008 (Jan. 24, 1996) (emphasis in original); *see* T.C.A. §§ 55-10-401(a) (Supp. 1996) (subsequently amended), 55-10-408 (Supp. 1996) (subsequently amended). We view the General Assembly's act of amending the DUI statute to include a means of committing DUI based upon a factual finding of a designated blood-alcohol content, as an alterative to a factual finding of impairment, as indicative of an intent to create an additional mode of committing the offense of DUI but not a separate offense. *Cf. Schad v. Arizona*, 501 U.S. 624, 639-42 (1991) (plurality) (examining the history and current practice relative to a state statute in determining whether the state's definition of the offense comported with the specificity due process requires in defining a single offense with alternate means of its commission).

We likewise note that our courts have recognized that DUI is a continuing offense. *See, e.g.*, *State v. Rhodes*, 917 S.W.2d 708, 713 (Tenn. Crim. App. 1995) (cited with approval in *State v. Legg*, 9 S.W.2d 111, 117 (Tenn. 1999)). Thus, one continuous incident of driving under the influence does not give rise to multiple units of prosecution. *See id.* at 713-14. Although DUI arising from a single incident is often charged in separate counts of an indictment alleging alternate theories, the convictions for the separate counts are merged into a single judgment of conviction. *See, e.g.*, *State v. Cooper*, 336 S.W.3d 522, 524 (Tenn. 2011) (holding that separate judgments of conviction for DUI by intoxication and DUI per se arising from the same incident violates double jeopardy and that the convictions must be merged into a single judgment).

Other Tennessee cases provide additional guidance. In *State v. Tait*, 114 S.W.3d 518, 520-21 (Tenn. 2002), the defendant was arrested pursuant to a warrant alleging "that the offense of DUI has been committed." More than one year later, the grand jury indicted him with one count of DUI by intoxication and one count of DUI per se. *Tait*, 113 S.W.3d at 520-21. The defendant moved to dismiss the DUI per se charge as being outside the statute of limitations. *Id.* at 521. He alleged that he had never been arrested or charged with driving with a blood alcohol level of 0.10% or greater within the limitations period. *Id.* Our supreme court said that both DUI by intoxication and DUI per se could be inferred from the arrest warrant alleging that the Defendant had committed DUI. *Id.* at 523. In reaching this conclusion, the court stated, "[A]n indictment that alleges various theories of guilt for offenses that can be inferred from an arrest warrant in no way compromises the defendant's notice of the charge." *Id.*

In *State v. Joseph Scott Morrell*, No. E2013-02431-CCA-R3-CD, 2014 WL 4980400, at *6-8 (Tenn. Crim. App. Oct. 7, 2014), a panel of this court held that a defendant charged with DUI by intoxication by driving or being in physical control of a motor vehicle was not entitled to juror unanimity on the question of whether the defendant drove or exercised physical control of the motor vehicle. The *Joseph Scott Morrell* panel noted that the continuing nature of the offense of DUI compelled a conclusion that no election was required in order to ensure a unanimous verdict. *Joseph Scott Morrell*, 2014 WL 4980400, at *8.

In *State v. Conway*, 77 S.W.3d 213 (Tenn. Crim. App. 2001), this court addressed whether a defendant charged in a two-count indictment with DUI by intoxication and DUI per se based upon the same incident was properly retried for DUI per se after the first jury acquitted him of the count charging DUI by intoxication and was unable to reach a verdict on the count charging DUI per se. The court noted that an election was not required in order for a jury to consider separate counts of DUI by intoxication and DUI per se and that, if found guilty of both, the proper course was to merge the convictions into a single judgment for DUI. *Conway*, 77 S.W.3d at 218. The court noted that DUI by intoxication and DUI per se contained different elements. *Id.* "An acquittal of either would not necessarily mean that the state could not establish the elements of the other." *Id.* Thus, the court concluded, the Defendant had not been subjected to double jeopardy when the State retried him for DUI per se. *Id.*

In *State v. Trevor Wallace*, No. M2017-01511-CCA-R3-CD, 2018 WL 2263564, at *1 (Tenn. Crim. App. May 17, 2018), *perm. app. denied* (Tenn. Sept. 13, 2018), the defendant was charged with DUI in an indictment which alleged he drove while "under the influence of an intoxicant, and/or drug, and while having an alcohol concentration in his blood or breath of *ten hundredths of eight-hundredths of one percent (.08%) or greater*." (Emphasis added.) After the jury was sworn, the defendant challenged the wording of the indictment relative to the amount of alcohol in his blood or breath as being confusing and as failing to state the facts of the offense in a matter which permitted "a person of common understanding to know what is intended." *Trevor Wallace*, 2018 WL 2263564, at *1-2 (quoting T.C.A. § 40-13-202). The trial court dismissed the indictment, and the State appealed. *Id.* In holding that the trial court erred in dismissing the indictment, the *Trevor Wallace* panel said that the indictment "charge[d] or attempted to charge the offense of DUI by two distinct modes" and that it adequately charged the offense of DUI by intoxication. *Id.* at *4. The panel said that any deficiency in the indictment's language in alleging DUI per se as claimed by the defendant "would not be fatal, in and of itself, to the indictment's showing of jurisdiction or charging of the offense of DUI." *Id.* The indictment was reinstated and the case was remanded to the trial court.

In support of his argument that separate offenses must be charged in separate counts of the indictment, the Defendant has cited to several appellate decisions, none of which discuss the DUI statute. Although we agree with the Defendant's argument that separate crimes must be separately charged, the determination as to whether multiple crimes are charged within a single count of an indictment necessarily turns on the nature of the crime or crimes and the statute in question. *See Schad*, 501 U.S. at 638 (plurality) (stating that a decision about those facts which are necessary to constitute a crime, and those facts which "are mere means" of committing the offense "represent value choices more appropriately made in the first instance by a legislature than by a court"); *e.g., State v. Jefferson*, 529 S.W.2d 674, 678 (Tenn. 1975) (holding that indictment which charged first degree premeditated murder and first degree felony murder in a single count was not duplicitous), *overruled on other grounds by State v. Mitchell*, 593 S.W.2d 280, 286 (Tenn. 1980); *State v. Lindsey*, 208 S.W.3d 432, 438-38 (Tenn. Crim. App. 2006) (holding that an indictment which charged sale and delivery of a controlled substance in a single count was duplicitous, given that the Sentencing Commission Comments to T.C.A § 39-17-417 state that manufacture, possession, sale, and delivery are each a separate offense, but denying relief because the defendant failed to raise the issue in a pretrial motion to dismiss).

We conclude, in accord with the legislative history and previous judicial interpretations of the DUI statute, that DUI by intoxication and DUI per se are alternative means of committing the offense of DUI, not separate offenses. It follows that separate modes of committing DUI may be charged disjunctively in a single count of an indictment. As applied to the facts of this case, we conclude that the single-count indictment charged the Defendant with committing a single offense of DUI by two alternate means. Because the indictment charged only one offense, the trial court did not err in denying the motion to dismiss the indictment.

With respect to the issue of juror unanimity as to the specific mode by which the Defendant committed the offense, we conclude that because the Defendant was charged with a single DUI offense, he was not entitled to juror unanimity as to the particular mode or modes of the offense which the jury found he had committed. *See* T.C.A § 40-18-112; *Adams*, 24 S.W.3d at 294; *Lemacks*, 996 S.W.2d at 171. It follows that the verdict form, which did not require separate findings as to DUI by intoxication and DUI per se, was sufficient to ensure unanimity as to the Defendant's guilt of the offense of DUI. *See Lemacks*, 996 S.W.2d at 171.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE