FILED
06/11/2024
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 21, 2024 Session

## STATE OF TENNESSEE v. RICKEY NA'TARIUS PORTER

**Appeal from the Criminal Court for Bradley County**
**No. 22-CR-305B    Andrew M. Freiberg, Judge**

_____

### No. E2023-00876-CCA-R3-CD

_____

Defendant, Rickey Na'Tarius Porter, appeals the consecutive six-year sentences he received after pleading guilty to one count of aggravated burglary, two counts of aggravated assault, and one count of employment of a firearm during the commission of a dangerous felony. Because the trial court improperly sentenced Defendant to the maximum sentence in the range on each offense as an especially mitigated offender, we reverse the judgments of the trial court and remand for resentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Phillip Duval, Chattanooga, Tennessee, for the appellant, Rickey Na'Taurius Porter.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Katherine C. Redding, Senior Assistant Attorney General (at oral argument); Shari Tayloe, District Attorney General; and Dallas Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant and a co-defendant were indicted by the Bradley County Grand Jury in May of 2022 for one count of aggravated burglary, two counts of aggravated assault, and one count of employing a firearm during the commission of a dangerous felony. Defendant pled guilty to aggravated burglary, one count of aggravated assault, and the firearm offense

in February of 2023 in exchange for dismissal of the remaining aggravated assault charge. There was no agreement as to sentencing.

The trial court held a sentencing hearing at which the presentence report and a surveillance video were admitted into evidence. Neither party presented any other evidence save for a written allocution from Defendant in which he apologized for his actions.

The trial court reviewed the presentence report, noting Defendant's high risk to reoffend. The trial court commented on the "violent, animalistic behavior" of the defendants. The trial court did not find any enhancement factors applied but cited Defendant's youth, applying mitigating factors 6 and 13. The trial court did not find Defendant's allocution "moving" based on the "seriously violent" conduct. The trial court determined Defendant was an especially mitigated offender for purposes of the aggravated burglary and aggravated assault convictions.

The trial court sentenced Defendant to six years at 100 percent on the firearms charge "as a matter of law," noting that it must run consecutively to any other convictions. The trial court did not find Defendant amenable to alternative sentencing and found incarceration necessary to avoid depreciating the seriousness of the offenses that were "especially violent, horrifying, shocking, reprehensible, offensive." The trial court found Defendant to be a dangerous offender for purposes of consecutive sentencing and that the public "must be protected" from Defendant. The trial court sentenced Defendant to six years for each conviction, running them consecutively but classifying Defendant as an especially mitigated offender on the aggravated assault and aggravated burglary convictions. The trial court ordered Defendant to serve "six years at 20 percent service" for those convictions, for a total effective sentence of 18 years.

Defendant appealed.

*Analysis*

On appeal, Defendant argues that the trial court abused its discretion by ordering the maximum six-year sentence for his aggravated burglary and aggravated assault convictions while classifying him as an especially mitigated offender. The State concedes that the trial court erred.

We review a trial court's sentencing determinations, including determinations as to manner of service of a sentence, under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012); *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). The "abuse of discretion standard, accompanied by a

presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing. . . ." *Caudle*, 388 S.W.3d at 278-79. A trial court "abuses its discretion by applying an incorrect legal standard or reaching an illogical or unreasonable decision that causes the complaining party to suffer an injustice." *Howell v. State*, 185 S.W.3d 319, 337 (Tenn. 2000). The party appealing the sentence bears the burden of demonstrating its impropriety. *State v. Cooper*, 336 S.W.3d 522, 525 (Tenn. 2011).

A trial court can classify a defendant as an especially mitigated offender if he has no prior felony convictions and the trial court has found mitigating but no enhancement factors apply. T.C.A. § 40-35-109(a). If the trial court determines a defendant is an especially mitigated offender, it "shall reduce the defendant's statutory Range I *minimum* sentence by ten percent or reduce the release eligibility date to twenty percent of the sentence, or both. . . ." T.C.A. § 40-35-109(b) (emphasis added). Here, the trial court sentenced Defendant to the *maximum* sentence for a Range I offender convicted of a C felony, six years, on each conviction. T.C.A. § 40-35-112(a)(3). According to statute, if the trial court sentenced Defendant as an especially mitigated offender, the trial court was required to reduce the Range I minimum sentence, three years, by 10% or reduce the release eligibility date to 20% or both. Regardless, the statute required the trial court to begin with the statutory Range I minimum sentence of three years. The trial court failed to do so, abusing its discretion. Consequently, we reverse the judgments of the trial court and remand for resentencing as an especially mitigated offender. On remand, the trial court should begin with a three-year sentence for both the aggravated assault and the aggravated burglary convictions and then: (1) reduce the length of the sentence by 10 percent; (2) reduce the release eligibility date to 20 percent of the sentence; or (3) both. The trial court aligned the sentences consecutively, which the record supports.

*Conclusion*

The judgments of the trial court are reversed and remanded. On remand, the trial court should resentence Defendant in accordance with Tennessee Code Annotated section 40-35-109 as described above.

_____
TIMOTHY L. EASTER, JUDGE

- 3 -