# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs March 25, 2026

## STATE OF TENNESSEE v. SHOSHANNA CABANTING

**Appeal from the Criminal Court for Hancock County**
No. 21 CR 72          Alex E. Pearson, Judge

_____

## No. E2025-00303-CCA-R3-CD

_____

A Hancock County jury convicted the Defendant, Shoshanna Cabanting, of vandalism as a Class A misdemeanor. The trial court imposed a sentence of eleven months and twenty-nine days, with thirty days to be served in confinement and the remainder suspended to probation. In a prior appeal, this court reversed and remanded the case for a limited resentencing hearing. On remand, the trial court made additional findings and reimposed the same sentence. The Defendant again challenges the split-confinement portion of her sentence and requests that this court impose full probation instead. Upon our review, we respectfully affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and J. ROSS DYER, JJ., joined.

Kendall Stivers Jones, Assistant Public Defender, Tennessee District Public Defenders Conference (on appeal); Todd Estep, District Public Defender; and Roland E. Cowden, Assistant District Public Defender (at sentencing hearing), for the appellant, Shoshanna Cabanting.

Jonathan Skrmetti, Attorney General and Reporter; Park Huff, Assistant Attorney General; Dan E. Armstrong, District Attorney General; and Bradley R. Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

This appeal arises from a resentencing ordered by this court in a prior appeal. *See State v. Cabanting*, No. E2023-00562-CCA-R3-CD, 2024 WL 4664190 (Tenn. Crim. App. Nov. 4, 2024), *no perm. app. filed*. In that appeal, we summarized the underlying facts of this case, which we recount here in abbreviated form.

### A.    THE ORIGINAL PROCEEDINGS

On August 28, 2021, three men rode their all-terrain vehicles (ATVs) through the mountains of Hancock County. As they rode past the Defendant's property, one of the ATVs became lodged on a boulder near the edge of her driveway. While the rider attempted to free the vehicle, the Defendant approached and shattered one of its taillights with a black object. When a second rider returned to the scene, the Defendant turned to his ATV and broke one of its taillights as well. Hancock County Sheriff's Deputies arrived about twenty minutes later and collected statements from the parties. *See Cabanting*, 2024 WL 4664190, at *1.

On February 14, 2022, a Hancock County grand jury indicted the Defendant on one count of vandalism of property valued at $1,000 or less, a Class A misdemeanor. Following a trial, a jury found the Defendant guilty as charged. The trial court imposed a sentence of eleven months and twenty-nine days, with thirty days to be served in confinement and the remainder suspended to probation. *See Cabanting*, 2024 WL 4664190, at *2.

The Defendant appealed her sentence. On November 4, 2024, this court reversed the trial court's judgment, concluding that the trial court failed to consider the purposes and principles of sentencing before imposing a sentence of confinement. *Cabanting*, 2024 WL 4664190, at *4-5. The case was remanded for a limited resentencing hearing "to consider the purposes and principles of sentencing as required by Tennessee Code Annotated section 40-35-103(1)(A)-(C)." *Id.* at *5-6.

- 2 -

## B.    THE SENTENCING HEARING ON REMAND

Following the remand, the trial court held a sentencing hearing on February 3, 2025. At the hearing, defense counsel argued that none of the statutory grounds favoring confinement were applicable. Counsel emphasized that the Defendant had no criminal history, that the incident occurred at or near her property, and that she complied with the conditions of her bond throughout the pendency of the case. The State agreed that subsections 40-35-103(1)(A) and (C) did not apply but argued that confinement was warranted under subsection (B) to avoid depreciating the seriousness of the offense and to deter both the Defendant and others from similar conduct.

The trial court reviewed this court's prior opinion, heard the arguments of counsel, and expressly recited the statutory purposes and principles of sentencing set forth in Tennessee Code Annotated sections 40-35-102 and 40-35-103. Adopting the rationale of its original hearing, it made additional findings to address the deficiencies identified on appeal. The trial court found that subsection 40-35-103(1)(A) did not apply because the Defendant did not have a long history of criminal conduct. It also found that subsection 40-35-103(1)(C) did not apply because there was no evidence that measures less restrictive than confinement had been recently or frequently applied to the Defendant without success.

As to subsection 40-35-103(1)(B), the trial court found that confinement was necessary to avoid depreciating the seriousness of the offense and that it was particularly suited to provide effective deterrence. In support of this finding, the court relied on its prior determinations that the Defendant's trial testimony was not credible, that an ongoing pattern of problems existed at her property, including multiple law enforcement responses, and that the Defendant had failed to accept responsibility following her conviction. Citing *State v. Zeolia*, 928 S.W.2d 457 (Tenn. Crim. App. 1996), and *State v. Dowdy*, 894 S.W.2d 301 (Tenn. Crim. App. 1994), the court found that the Defendant's lack of credibility and failure to accept responsibility bore on her rehabilitative potential.

The trial court reimposed the original sentence of thirty days of confinement followed by probation for the balance of the eleven-month, twenty-nine-day term. The Defendant filed a timely notice of appeal twenty-eight days later. *See* Tenn. R. App. P. 4(a).

## STANDARD OF APPELLATE REVIEW

For each issue on appeal, a reviewing court must first determine the applicable standard of review. *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). The principal issue in this case is whether the trial court improperly imposed a split-confinement misdemeanor sentence.

This court has consistently applied the abuse-of-discretion standard set forth in *State v. Bise*, 380 S.W.3d 682 (Tenn. 2012), when reviewing misdemeanor sentences. *See State v. Ruiz*, 716 S.W.3d 439, 455 (Tenn. Crim. App. 2024). Under that standard, we will uphold a sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10. This same standard also applies to "questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012).

## ANALYSIS

In this appeal, the Defendant argues that the trial court again failed to make adequate findings on remand to support the imposition of thirty days of confinement for her Class A misdemeanor vandalism conviction. Specifically, she contends that the trial court based its decision solely on the need to deter her individually and failed to present sufficient proof of a community-wide need for deterrence, as required by *State v. Hooper*, 29 S.W.3d 1 (Tenn. 2000). She further requests that this court conduct a de novo review and impose a sentence of eleven months and twenty-nine days, fully suspended to probation.

The State responds that the trial court properly relied on both prongs of Tennessee Code Annotated section 40-35-103(1)(B): the need to avoid depreciating the seriousness of the offense and the need for deterrence. The State also argues that the Defendant's lack of credibility and failure to accept responsibility independently supported the denial of full probation. Because the trial court relied on multiple considerations in denying full probation, the State contends that the heightened *Hooper* analysis does not apply and that the sentence should be affirmed. We agree with the State.

## A.    MISDEMEANOR SENTENCING

Trial courts have "great flexibility in fashioning a misdemeanor sentence." *State v. Webb*, 130 S.W.3d 799, 834 (Tenn. Crim. App. 2003). When imposing a misdemeanor sentence, the trial court shall impose "a specific number of months, days or hours" to be served and shall also "fix a percentage of the sentence that the defendant shall serve." Tenn. Code Ann. § 40-35-302(b), (d) (2025). In contrast to felony sentencing, no presumptive minimum sentence exists for a misdemeanor conviction. *State v. Cooper*, 336 S.W.3d 522, 524 (Tenn. 2011). Defendants convicted of a misdemeanor are not presumed to be eligible for alternative sentencing. *State v. Troutman*, 979 S.W.2d 271, 273 (Tenn. 1998). Instead, the defendant "has the burden of establishing that [she] is suitable for probation by demonstrating that probation will subserve the ends of justice and the best interest of both the public and the defendant." *Ruiz*, 716 S.W.3d at 458 (citation and internal quotation marks omitted).

A defendant's sentence must be based on "the nature of the offense and the totality of the circumstances in which it was committed, including the defendant's background." *State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991); *see also State v. Trotter*, 201 S.W.3d 651, 653 (Tenn. 2006). Nevertheless, pursuant to Tennessee Code Annotated section 40-35-103(1) (2025), sentences involving confinement may be ordered if they are based on one or more of the following considerations:

(A)    whether "[c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct";

(B)    whether "[c]onfinement is necessary to avoid depreciating the seriousness of the offense[,] or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses"; or

(C)    whether "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant."

Our supreme court has recognized that "[t]he guidelines applicable in determining whether to impose probation are the same factors applicable in determining whether to impose judicial diversion." *State v. Trent*, 533 S.W.3d 282, 291 (Tenn. 2017) (citation and internal quotation marks omitted). As such, "[w]hen considering probation, the trial court

should consider the nature and circumstances of the offense, the defendant's criminal record, the defendant's background and social history, the defendant's present condition, including physical and mental condition, the deterrent effect on the defendant, and the best interests of the defendant and the public." *Ruiz*, 716 S.W.3d at 458 (citation and internal quotation marks omitted). In addition, the trial court must consider the defendant's potential for rehabilitation in determining whether to impose an alternative sentence. *See* Tenn. Code Ann. § 40-35-103(5) (2025).

With these principles in mind, we turn to the Defendant's challenge to the trial court's imposition of thirty days of confinement.

## B.    THE TRIAL COURT'S ANALYSIS

"Any sentence that does not involve complete confinement is an alternative sentence." *State v. Sanders*, No. M2023-01148-CCA-R3-CD, 2024 WL 1739660, at *3 (Tenn. Crim. App. Apr. 23, 2024) (citation and internal quotation marks omitted), *perm. app. denied* (Tenn. July 17, 2024). Our supreme court has recognized that "[t]he [Sentencing] Act requires a case-by-case approach to sentencing, and [it] authorizes, indeed encourages, trial judges to be innovative in devising appropriate sentences." *Ray v. Madison County*, 536 S.W.3d 824, 833 (Tenn. 2017) (citation and internal quotation marks omitted). "[I]ndividualized punishment is the essence of alternative sentencing," and the punishment imposed should fit the offender as well as the offense. *State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994).

In this case, the trial court heard the arguments of counsel, reviewed the prior sentencing hearing and its rationale, and expressly recited the statutory purposes and principles of sentencing set forth in Tennessee Code Annotated sections 40-35-102 and 40-35-103.

With respect to the Defendant's criminal record, the trial court found that the Defendant did not have a long history of criminal conduct. It also found that the record did not support a finding that measures less restrictive than confinement had been frequently or recently unsuccessful. The court, thus, made no affirmative finding that the Defendant's criminal record weighed in favor of confinement. *See* Tenn. Code Ann. § 40-35-103(1)(A), (C).

With respect to the nature and circumstances of the offense, the trial court found that the vandalism conviction did not arise from an isolated incident but instead reflected a broader and ongoing pattern of conduct connected to the Defendant and her property. The court observed that the offense occurred on a county road adjacent to the Defendant's property, where law enforcement had been summoned multiple times for road-blocking and related disputes. The court further noted that it had presided over two separate jury trials with similar conduct connected to the Defendant and her property, thereby giving it direct familiarity with the proof in both matters. In assessing the circumstances of the offense, the trial court also found that the Defendant's trial testimony was not credible.

In addressing deterrence, the trial court determined that the Defendant's conduct was "not just an isolated incident" and that evidence from two jury trials showed a continuing pattern of behavior at and near her property. The court found that this pattern justified the need to deter the Defendant from repeating the same conduct in the future. Additionally, the court stated that the sentence would serve to deter others who might commit similar offenses, although its primary focus remained on the Defendant.

Concerning the best interests of the Defendant and the public, the trial court found that the Defendant's lack of credibility and continued refusal to accept responsibility, even after the jury's verdict, bore directly on her rehabilitative potential and on the best interests of both parties. *See Zeolia*, 928 S.W.2d at 463; *Dowdy*, 894 S.W.2d at 306. Based on these considerations, the trial court concluded that full probation was "inappropriate given the facts and circumstances of this case" and reimposed the original sentence of thirty days of confinement.

In this case, the trial court identified the correct legal standards applicable to its consideration of alternative sentencing. The court referenced and applied the purposes and principles of the Sentencing Act, considered the statutory and common-law factors governing the manner of service of a misdemeanor sentence, and made a reasoned choice between acceptable alternatives based on the record. Because the trial court's split-confinement sentence reflects a decision grounded in the purposes and principles of sentencing, we afford it a presumption of reasonableness. *See State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *Sanders*, 2024 WL 1739660, at *2 (applying a presumption of reasonableness to a misdemeanor sentence). To the extent the Defendant asks us to reweigh the sentencing considerations and substitute our judgment for that of the trial court, we respectfully decline to do so.

## C.    HEIGHTENED STANDARD OF REVIEW

Pushing against this conclusion, the Defendant argues that the trial court grounded its split-confinement decision primarily on the need for deterrence and, therefore, was required to satisfy the two-part inquiry established in *State v. Hooper*, 29 S.W.3d 1 (Tenn. 2000).  Under *Hooper*, when deterrence serves as the only reason for confinement, "the record must contain some proof of the need for deterrence before a defendant, who is otherwise eligible for probation or other alternative sentence, may be incarcerated." *Hooper*, 29 S.W.3d at 9.  Similarly, when the sole basis for denying an alternative sentence is the need to avoid depreciating the seriousness of the offense, a heightened standard also applies.  In that context, "the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree, and the nature of the offense must outweigh all factors favoring a sentence other than confinement." *State v. Trotter*, 201 S.W.3d 651, 654 (Tenn. 2006).

However, these additional requirements arise only when a trial court rests its denial of probation on a single consideration.  *State v. Sihapanya*, 516 S.W.3d 473, 476 (Tenn. 2014).  Where the court instead relies on a combination of factors supported by the record, the heightened standard does not apply.  As we have explained,

> Under *Hooper* and *Trotter*, if only one factor found in Tennessee Code Annotated section 40-35-103(1) is utilized by the trial court, the trial court must make additional findings.  If, however, the trial court bases the denial of alternative sentencing on more than one factor, we review the denial to determine if the trial court abused its discretion.

*State v. Lester*, No. M2014-00225-CCA-R3-CD, 2014 WL 5501236, at *5 (Tenn. Crim. App. Oct. 31, 2014), *perm. app. denied* (Tenn. Feb. 13, 2015); *see also State v. Dunnivant*, No. E2023-01652-CCA-R3-CD, 2024 WL 4579325, at *6 (Tenn. Crim. App. Oct. 25, 2024) (collecting cases), *perm. app. denied* (Tenn. Mar. 13, 2025).

Most often, the combination of factors involves both prongs of subsection 40-35-103(1)(B), but the same principle applies whenever the trial court's denial of probation rests on additional considerations within section 40-35-103.  *See Dunnivant*, 2024 WL 4579325, at *6; *see also State v. White-McCray*, No. E2020-01735-CCA-R3-CD, 2022 WL 2801005, at *5 (Tenn. Crim. App. July 18, 2022), *no perm. app. filed*; *State v. O'Brien*, No.

E2014-02248-CCA-R3-CD, 2015 WL 5179190, at *4 (Tenn. Crim. App. Sept. 4, 2015), *no perm. app. filed*.

Our review of the record satisfies us that the trial court relied on multiple considerations in ordering a split-confinement sentence. At the resentencing hearing, the court found that confinement was necessary both "to avoid depreciating the seriousness of the offense" and to "provide an effective deterrence to others likely to commit similar offenses." The court expressly stated that both considerations justified the split-confinement sentence. In addition, the trial court found that the Defendant's lack of credibility and failure to accept responsibility demonstrated poor rehabilitative potential. *See* Tenn. Code Ann. § 40-35-103(5).

Because the trial court's denial of full probation rested on this combination of considerations, the heightened standards of review required by *Hooper* and *Trotter* do not apply. *Sihapanya*, 516 S.W.3d at 476; *Dunnivant*, 2024 WL 4579325, at *6. As such, the Defendant has failed to overcome the presumption that the trial court's sentence of incarceration is reasonable. The Defendant is not entitled to relief.

## CONCLUSION

In summary, we hold that the trial court acted within its discretion in imposing a split-confinement sentence for the Defendant's misdemeanor conviction. Accordingly, we respectfully affirm the judgment of the trial court.

s/ *Tom Greenholtz*
TOM GREENHOLTZ, JUDGE